IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

| | |
|---|---|
| TRUSTEES OF THE UNITED UNION OF ROOFERS, WATERPROOFERS AND ALLIED WORKERS, LOCAL UNION NO. 2 SUPPLEMENTAL PENSION FUND<br>2111 WEST LINCOLN HWY<br>MERRILLVILLE, IN 46410,<br><br>      Plaintiffs,<br><br>-vs-<br><br>JOURDAIN ROOFING COMPANY<br>P.O. BOX 607<br>GODFREY, IL 63025<br><br>      Defendant.<br><br>SERVE ON:<br><br>Robert J. Jourdain, Jr.<br>4416 Thatcher Ct.<br>Alton, IL 62002 | CASE NO. 4:18-cv-91 |

## **COMPLAINT**

1.     Plaintiffs Trustees of the United Union of Roofers, Waterproofers and Allied Workers, Local Union No. 2 Supplemental Pension Fund are trustees of a multiemployer benefit plan and employee welfare plan. Defendant Jourdain Roofing Company is an employer that is obligated to make contributions to the Fund based upon a contractually agreed rate so that Defendant's employees may participate in and receive the employee benefits of the Fund. Plaintiffs bring this action on behalf of the participants and beneficiaries of the Fund for the purpose of collecting contributions and other amounts due to the Fund.

**JURISDICTION AND VENUE**

2.  This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.* (2014). Jurisdiction is conferred upon this Court pursuant to ERISA §§ 502 and 515, 29 U.S.C. §§ 1132 and 1145, as this is a suit against an employer for failing to make required contributions to an employee benefit fund. Jurisdiction is also conferred upon this Court pursuant to Section 301(a) of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185(a), as this suit alleges violations of a collective bargaining agreement involving an employer and labor organization.

3.  Venue is appropriate in this Court under Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), because the Fund of which Plaintiffs are Trustees is administered within the jurisdiction of the U.S. District Court, Northern District of Indiana.

**THE PARTIES**

3.  Plaintiffs Trustees of the United Union of Roofers, Waterproofers and Allied Workers, Local Union No. 2 Supplemental Pension Fund are fiduciaries of a Trust Fund created pursuant to LMRA § 302(c)(5), 29 U.S.C. § 186(c)(5), and administered through a Trust Agreement. The Fund is a multiemployer pension plan within the meaning of ERISA §§ 3(2) and (37), 29 U.S.C. §§ 1002(2) and (37). The Fund is administered by a joint Board of Trustees composed of an equal number of employee and employer representatives, as required by LMRA § 302(c)(5), 29 U.S.C § 186(c)(5), and the Fund's Board of Trustees is the "plan sponsor" as defined by 29 U.S.C. § 1002(16)(B)(iii). The Fund's principal place of business is located at 2111 West Lincoln Highway, Merrillville, Indiana 46410.

4.  Defendant Jourdain Roofing Company is an Illinois corporation with its principal place of business located in Godfrey, Illinois. At all relevant times, Defendant was an employer as

defined in LMRA § 2(2), 29 U.S.C. § 152(2) and ERISA § 3(5), 29 U.S.C. § 1002(5). Defendant was engaged in interstate commerce and affecting commerce as defined in ERISA § 3(11) and (12), 29 U.S.C. § 1002(11) and (12).

## COUNT I
### (ERISA Section 515, 29 U.S.C. Section 1145 – Failure to Pay Contributions)

5. Plaintiffs reallege each averment set forth above as if fully rewritten herein.

6. At all relevant times, Defendant was a party to and agreed to abide by the terms of one or more Collective Bargaining Agreements ("CBAs"). A true and accurate copy of the relevant pages of the CBA in effect from 2011 through 2014 is attached as **Exhibit A**. A true and accurate copy of the relevant pages of the CBA in effect from 2014 through 2017 is attached as **Exhibit B**. A true and accurate copy of the relevant pages of the CBA in effect from 2017 through 2022 is attached as **Exhibit C**.

7. The terms of the CBAs require Defendant to make contributions to the Fund, along with contributions to other employee benefit funds. The CBAs also bind Defendant to the terms of the Fund's Trust Agreement. A true and accurate copy of relevant excerpts of the Fund's Trust Agreement is attached as **Exhibit D**.

8. The Fund's Trust Agreement gives Plaintiffs the authority to collect employer contributions due to the Plan. To ensure employers remit benefit contributions in a timely and orderly manner, Plaintiffs adopted written a written Collection Procedure. A true and accurate copy of the Fund's Collection Procedure is attached as **Exhibit E**.

9. Pursuant to the terms of the CBAs, Trust Agreement, and Collection Procedure, Defendant is required to make monthly contributions to the Fund on behalf of each of its employees in an amount and under the terms set forth in the agreements.

10. The CBAs require Defendant to submit all monthly reports and contributions on or before the 15th day of the month following the month in which was performed. If payment is not received by the last day of the month following the month in which work was performed, they are delinquent. If delinquent contributions are referred to an attorney for collection, Defendant becomes liable for the costs of collection, attorney fees, interest in the amount of 1.5% from the due date, and liquidated damages in the amount of 20% of the delinquent contributions.

11. Pursuant to the terms of the CBAs, Trust Agreement, and Collection Procedure, Defendant may also be subjected to payroll audits as may be deemed appropriate. Defendant is required to provide in conjunction with such audits any and all payroll records that may be required to complete such audits. In the event a payroll audit discloses that Defendant has not paid contributions as required, Defendant is liable for the costs of the audit.

12. As disclosed by the findings of a payroll audit conducted for the period January 2010 through June 2014, Defendant violated the CBAs, Trust Agreement, and Collection Procedure by failing to make the required contributions and/or work reports for work performed during that period. According to the audit, Defendant owed $36,645.47 in delinquent contributions to the Fund for work from 2011-2014. A true and accurate copy of the audit report is attached as **Exhibit F**. $12,750.00 has been paid toward the delinquencies identified in this audit, leaving a total amount owed of $23,895.47.

13. As disclosed by the findings of a payroll audit conducted for the period July 2014 through May 2016, Defendant violated the CBAs, Trust Agreement, and Collection Procedure by failing to make the required contributions and/or work reports for work performed during that period. According to the audit, Defendant owed $22,578.60 in delinquent contributions to the Fund for that period. A true and accurate copy of the audit report is attached as **Exhibit G**. $4,388.87

has been paid toward the delinquencies identified in this audit, leaving a total amount owed of $18,189.73.

14. As disclosed by the findings of a payroll audit conducted for the period June 2016 through May 2018, Defendant violated the CBAs, Trust Agreement, and Collection Procedure by failing to make the required contributions and/or work reports for work performed during that period. According to the audit, Defendant owes $24,782.29 in delinquent contributions to the Fund for that period. A true and accurate copy of the audit report is attached as **Exhibit H**.

15. In violation of the CBAs, Trust Agreement, and Collection Procedure, Defendant failed to make the required contributions and/or work reports for work performed in September 2018.

16. Pursuant to the terms of the CBAs, Trust Agreement, and Collection Procedure, the amounts owed for contributions are immediately due, along with liquidated damages, interest, audit costs, and attorney fees and costs.

17. Defendant's failure to forward contributions, liquidated damages, interest, audit costs, and other amounts due and owing violates ERISA § 515, 29 U.S.C. § 1145, and Plaintiffs seek to remedy that violation pursuant to ERISA § 502(a)(3), 29 U.S.C. §1132(a)(3).

## COUNT II
**(LMRA Section 301, 29 U.S.C. Section 185 – Breach of Contract)**
**(Failure to Pay Contributions)**

18. Plaintiffs reallege each averment set forth above as if fully rewritten herein.

19. At all relevant times, Defendant was a party to and agreed to abide by the terms of one or more CBAs.

20. The terms of the CBAs require Defendant to make contributions to the Fund, along with contributions to other employee benefit funds. The CBAs also bind Defendant to the terms of the Fund's Trust Agreement.

21.     The Fund's Trust Agreement gives Plaintiffs the authority to collect employer contributions due to the Plan. To ensure employers remit benefit contributions in a timely and orderly manner, Plaintiffs adopted written a written Collection Procedure.

22.     Pursuant to the terms of the CBAs, Trust Agreement, and Collection Procedure, Defendant is required to make monthly contributions to the Fund on behalf of each of its employees in an amount and under the terms set forth in the agreements.

23.     The CBAs require Defendant to submit all monthly reports and contributions on or before the 15th day of the month following the month in which was performed. If payment is not received by the last day of the month following the month in which work was performed, they are delinquent. If delinquent contributions are referred to an attorney for collection, Defendant becomes liable for the costs of collection, attorney fees, interest in the amount of 1.5% from the due date, and liquidated damages in the amount of 20% of the delinquent contributions.

24.     Pursuant to the terms of the CBAs, Trust Agreement, and Collection Procedure, Defendant may also be subjected to payroll audits as may be deemed appropriate. Defendant is required to provide in conjunction with such audits any and all payroll records that may be required to complete such audits. In the event a payroll audit discloses that Defendant has not paid contributions as required, Defendant is liable for the costs of the audit.

25.     As disclosed by the findings of a payroll audit conducted for the period January 2010 through June 2014, Defendant violated the CBAs, Trust Agreement, and Collection Procedure by failing to make the required contributions and/or work reports for work performed during that period. According to the audit, Defendant owed $36,645.47 in delinquent contributions to the Fund for work 2011-2014. $12,750.00 has been paid toward the delinquencies identified in this audit, leaving a total amount owed of $23,895.47.

26. As disclosed by the findings of a payroll audit conducted for the period July 2014 through May 2016, Defendant violated the CBAs, Trust Agreement, and Collection Procedure by failing to make the required contributions and/or work reports for work performed during that period. According to the audit, Defendant owed $22,578.60 in delinquent contributions to the Fund for that period. $4,388.87 has been paid toward the delinquencies identified in this audit, leaving a total amount owed of $18,189.73.

27. As disclosed by the findings of a payroll audit conducted for the period June 2016 through May 2018, Defendant violated the CBAs, Trust Agreement, and Collection Procedure by failing to make the required contributions and/or work reports for work performed during that period. According to the audit, Defendant owes $24,782.29 in delinquent contributions to the Fund for that period.

28. In violation of the CBAs, Trust Agreement, and Collection Procedure, Defendant failed to make the required contributions and/or work reports for work performed in September 2018.

29. Pursuant to the terms of the CBAs, Trust Agreement, and Collection Procedure, the amounts owed for contributions are immediately due, along with liquidated damages, interest, and attorney fees and costs.

30. Defendant's failure to forward contributions, interest, and other amounts that are due and owing is a breach of the CBAs, and Plaintiffs seek to remedy that breach pursuant to LMRA § 301, 29 U.S.C. § 185.

## COUNT III
**(ERISA Section 515, 29 U.S.C. Section 1145 - Failure to Pay Liquidated Damages)**

31. Plaintiffs reallege each averment set forth above as if fully rewritten herein.

32. At all relevant times, Defendant was a party to and agreed to abide by the terms of one or more CBAs.

33. The terms of the CBAs require Defendant to make contributions to the Fund, along with contributions to other employee benefit funds. The CBAs also bind Defendant to the terms of the Fund's Trust Agreement.

34. The Fund's Trust Agreement gives Plaintiffs the authority to collect employer contributions due to the Plan. To ensure employers remit benefit contributions in a timely and orderly manner, Plaintiffs adopted written a written Collection Procedure.

35. Pursuant to the terms of the CBAs, Trust Agreement, and Collection Procedure, Defendant is required to make monthly contributions to the Fund on behalf of each of its employees in an amount and under the terms set forth in the agreements.

36. The CBAs require Defendant to submit all monthly reports and contributions on or before the 15th day of the month following the month in which was performed. If payment is not received by the last day of the month following the month in which work was performed, they are delinquent. If delinquent contributions are referred to an attorney for collection, Defendant becomes liable for the costs of collection, attorney fees, interest in the amount of 1.5% from the due date, and liquidated damages in the amount of 20% of the delinquent contributions.

37. As disclosed by the payroll audits covering the periods January 2010 through June 2014, July 2014 through May 2016, and June 2016 through May 2018, Defendant failed to make timely contributions for work performed during those periods. Defendant has also failed to make timely contributions for the work months of June 2018 through September 2018.

8

38. Because of Defendant's violations of the CBAs, Trust Agreement, and Collection Procedure, the matter was referred to counsel. As a result, Defendant owes attorney fees, court costs, interest, and liquidated damages on the unpaid delinquencies.

39. Defendant's actions violate ERISA § 515, 29 U.S.C. § 1145, and Plaintiffs seek to remedy that violation pursuant to ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3).

## COUNT IV
(LMRA Section 301, 29 U.S.C. Section 185 – Breach of Contract)
(Failure to Pay Liquidated Damages)

40. Plaintiffs reallege each averment set forth above as if fully rewritten herein.

41. At all relevant times, Defendant was a party to and agreed to abide by the terms of one or more CBAs.

42. The terms of the CBAs require Defendant to make contributions to the Fund, along with contributions to other employee benefit funds. The CBAs also bind Defendant to the terms of the Fund's Trust Agreement.

43. The Fund's Trust Agreement gives Plaintiffs the authority to collect employer contributions due to the Plan. To ensure employers remit benefit contributions in a timely and orderly manner, Plaintiffs adopted written a written Collection Procedure.

44. Pursuant to the terms of the CBAs, Trust Agreement, and Collection Procedure, Defendant is required to make monthly contributions to the Fund on behalf of each of its employees in an amount and under the terms set forth in the agreements.

45. The CBAs require Defendant to submit all monthly reports and contributions on or before the 15th day of the month following the month in which was performed. If payment is not received by the last day of the month following the month in which work was performed, they are delinquent. If delinquent contributions are referred to an attorney for collection, Defendant

becomes liable for the costs of collection, attorney fees, interest in the amount of 1.5% from the due date, and liquidated damages in the amount of 20% of the delinquent contributions.

46. As disclosed by the payroll audits covering the periods January 2010 through June 2014, July 2014 through May 2016, and June 2016 through May 2018, Defendant failed to make timely contributions for work performed during those periods. Defendant has also failed to make timely contributions for the work months of June 2018 through September 2018.

47. Because of Defendant's violations of the CBAs, Trust Agreement, and Collection Procedure, the matter was referred to counsel. As a result, Defendant owes attorney fees, court costs, interest, and liquidated damages on the unpaid delinquencies.

48. Defendant's actions are a breach of the CBAs, and Plaintiffs seek to remedy that breach pursuant to LMRA § 301, 29 U.S.C. § 185.

**WHEREFORE**, Plaintiffs demand the following relief against Defendant:

A. Judgment on behalf of Plaintiffs and against Defendant in the amount of $66,867.49 in delinquent contributions to the Fund, as disclosed by the payroll audits covering the periods January 2010 through June 2014, July 2014 through May 2016, and June 2016 through May 2018;

B. Judgment on behalf of Plaintiffs and against Defendant in the amount of unpaid contributions for the work month of September 2018 forward, including unpaid contributions which should accrue during the pendency of this action, as provided under ERISA § 502(g), 29 U.S.C. § 1332 (g)(2)(A);

C. Judgment on behalf of Plaintiffs and against Defendant for accumulated interest at the rate of 1.5% per month for late and/or unpaid contributions from their respective due dates of such contributions;

D. Judgment on behalf of Plaintiffs and against Defendant for liquidated damages of 20% of all late and/or unpaid contributions; as provided for under the CBAs, Collection Procedure, and ERISA § 502(g), 29 U.S.C. § 1332(g)(2)(A);

E. Judgment on behalf of Plaintiffs and against Defendant for the costs of the payroll audits covering the periods January 2010 through June 2014, July 2014 through May 2016, and June 2016 through May 2018;

F. An award of attorney's fees and costs incurred in connection with the collection of the unpaid amounts as provided for by the terms of the CBAs and ERISA § 502(g), 29 U.S.C. § 1332(g)(2)(D);

G. An Order retaining jurisdiction over this cause pending compliance with all Orders; and

H. Any other legal or equitable relief which the Court deems just as provided for under ERISA § 502(g), 29 U.S.C. § 1132(g)(2)(E).

Respectfully submitted,

LEDBETTER PARISI LLC

/s/ Paul E. Stoehr
Paul E. Stoehr (OH #0096213)
5078 Wooster Rd., Suite 400
Cincinnati, OH 45226
(937) 619-0900 (ph)
(937) 619-0999 (fax)
pstoehr@fringebenefitlaw.com
*Attorneys for Plaintiffs*